# United States Court of Appeals

## For the Eighth Circuit

No. 18-3264

Kristin Naca

*Plaintiff - Appellant*

v.

Macalester College

*Defendant - Appellee*

Appeal from United States District Court
for the District of Minnesota

Submitted: October 17, 2019
Filed: January 16, 2020
[Published]

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

PER CURIAM.

Kristin Naca, an assistant professor of poetry at Macalester College, was diagnosed in 2011 with a long-term illness causing chronic pain and fatigue, but not impairing her intellect. She requested accommodations, including time off and assistance with her work, which Macalester partly granted after many back-and-forth communications and meetings. Naca remained competitive for tenure until May

2015, when a former student who had also served as her work-study assistant, "Jane Doe," made a written complaint that Naca had sex with her. Macalester found, as Naca acknowledged, that while Doe was still a student—about a week and a half before graduation—Naca had invited Doe to her home and discussed their potential mutual sexual attraction. Naca admitted she asked Doe, "Do you want me to make a pass at you?" Three days after Doe graduated, she and Naca began a sexual relationship. The provost recommended terminating Naca for violating Macalester's policies on student-teacher relationships. The faculty personnel committee and the president agreed. After a formal investigation, a hearing, and at least five layers of review, Macalester terminated Naca.

Naca sued Macalester, alleging 35 claims. The district court[1] dismissed about two-thirds of them for failure to state a claim. Of these, Naca appeals the claims for discriminatory discharge based on disability under three statutes—§ 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 et seq. After de novo review, this court concludes that the district court properly dismissed these claims as lacking sufficient facts to be plausible. *See* 8th Cir. R. 47B.

On appeal, Naca argues that the departing provost—who handled her disability accommodations and the initial response to Jane Doe's allegations—used the incoming provost, faculty personnel committee, and college president as a "cat's paw" to terminate Naca for her disability. *See Staub v. Proctor Hosp.*, 562 U.S. 411, 419 (2011). Naca did not raise this theory to the district court. This court does not consider an argument raised for the first time on appeal unless it is purely legal and requires no additional factual development, or if a manifest injustice would otherwise

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

result. *Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 725 (8th Cir. 2002). When presenting her disability discrimination claims in the district court, Naca never alleged that the former provost had influenced the decision-makers who fired her. True, when opposing summary judgment on her claim for discriminatory discharge on the basis of sex, Naca cited the *Staub* case to illustrate "procedural irregularities," including "ignoring exculpatory evidence." But, even as to sex discrimination, Naca did not identify facts to support a cat's paw theory. Most importantly, Naca never made a cat's paw argument in support of disability discrimination. This court reviews only the specific arguments raised before the district court, "as opposed to those arguments the district court *might* have deduced from the record as a whole." *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 915 (8th Cir. 2007) (emphasis in original). *See* 8th Cir. R. 47B.

The district court denied Naca's motion to amend her complaint to add claims under the Family Medical Leave Act, 29 U.S.C. § 2601 et. seq. *Naca v. Macalester Coll.*, 2017 WL 6622505, at *1 (D. Minn. Dec. 28, 2017). For the reasons stated by the district court, it did not abuse its discretion in ruling that this motion was untimely and futile. *See id.*, at *1–2. *See also* 8th Cir. R. 47B.

The district court later granted summary judgment on the claims for discriminatory discharge based on (1) sex under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.; (2) race/ancestry under 42 U.S.C. § 1981; (3) sex, race/ancestry, and religion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; and (4) sex, race/ancestry, religion, and sexual orientation under the MHRA, Minn. Stat. § 363A.01 et seq. *Naca v. Macalester Coll.*, 2018 WL 4516950, at *11, 21 (D. Minn. Sep. 20, 2018). After accurately and precisely identifying the undisputed facts, the district court stated:

> The Court does not believe that Naca has established a
> prima facie case of discrimination. Nothing about the

circumstances of this case gives rise to an inference of discrimination.  In May 2015, when Doe made her complaint, Macalester was beginning the process of approving Naca for tenure.  Up to that point, Naca's career was progressing smoothly.  What changed after May 2015 was not Doe's race/ancestry, sex, sexual orientation, or religion; what changed is that a former student made a formal complaint of sexual misconduct.

*Id*. at \*11.  Even assuming Naca made a prima facie case, this court concludes, on de novo review, that Macalester articulates a legitimate, non-discriminatory reason for termination—her sexual relationship with Doe—that Naca does not counter with sufficient evidence of pretext.  *See id.* at \*12–16 (rejecting Naca's contentions about possible comparators, procedural irregularities, and shifting explanations); *cf. Amir v. St. Louis Univ.*, 184 F.3d 1017, 1026 (8th Cir. 1999) (finding a genuine issue of material fact about pretext where the decision-maker issued a new policy just before taking adverse action).  *See also* 8th Cir. R. 47B.

The district court also granted summary judgment on Naca's claim for failure to accommodate her disability under § 504 of the Rehabilitation Act. *Naca*, 2018 WL 4516950, at \*16–19.  Naca admitted that with the accommodations provided, she was performing the essential functions of an assistant professor, which, on de novo review, defeats her claim as a matter of law.  *See Burchett v. Target Corp.*, 340 F.3d 510, 518 (8th Cir. 2003) (affirming summary judgment where plaintiff did not show inability to perform her essential job functions with the accommodations provided).  *See also* 8th Cir. R. 47B.

Having jurisdiction under 28 U.S.C. § 1291, this court affirms the judgment of the district court.

_____